UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 3:06cr197 (JBA) |
| v. | |
| LUIS JOEL SOTO-SOLIVAN | December 30, 2015 |

**RULING DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On March 7, 2007, Defendant Luis Joel Soto-Solivan pled guilty [Doc. # 248] to conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine. He was sentenced [Doc. # 381] on September 27, 2007 to 262 months' imprisonment. He now moves [Doc. # 716], pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2), for a reduction in his sentence. For the following reasons, his motion is denied.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence. However, a court may only reduce the defendant's term of imprisonment pursuant to § 3582(c)(2) "if such a reduction is consistent with applicable Commission policy statements." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (internal quotation marks omitted). "The policy statement governing § 3582(c)(2) proceedings" is U.S.S.G. § 1B1.10(b). *Id.* That section provides:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline

range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendment[] . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1). Generally, a court may "not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range determined" using the procedure outlined above. *Id.* (b)(2)(A).

Mr. Soto-Solivan contends that he is eligible for a reduction based on Amendment 782 to the United States Sentencing Guidelines. That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11.

In Mr. Soto-Solivan's case, however, the Amendment does not operate to reduce his sentence. To understand why, one must examine Mr. Soto-Solivan's plea agreement and the sentencing court's reasons for its sentence. In Mr. Soto-Solivan's plea agreement, he and the Government agreed that his total offense level was 34, and because he was a career offender under U.S.S.G. § 4.4B1.1, his Criminal History Category ("CHC") was VI, yielding a sentencing range of 262–327 months. (Plea Agmt. [Doc. # 147] at 5.) The Probation Office's pre-sentence report ("PSR") [Doc. # 717], however, calculated Mr. Soto-Solivan's total offense level to be 35 and his CHC to be VI (again, because he was a career offender), yielding a guideline range of 292–365 months. In its sentencing memorandum and at sentencing, the Government stated that although it "agree[d] with the sentencing guideline calculations set forth in the PSR," it sought "a sentence within

2

the lower 262–327 month guideline range set forth in the written plea agreement." (Sent. Mem. [Doc. # 277] at 10–11.)

During sentencing, however, the late Judge Dorsey misstated that the plea agreement had been based on a CHC IV; that the Government had subsequently filed a § 851 notice of intent to charge Mr. Soto-Solivan as a career offender; but that the Government agreed to abide by the plea agreement's calculations using a CHC of IV. The Court then found that the PSR was correct, but departed downward to give effect to the plea agreement. In his statement of reasons, Judge Dorsey wrote that, in accordance with the PSR, the total offense level was 35, the CHC was "VI (IV?)" and the imprisonment range was 262 to 327 months. (Statement of Reasons [Doc. # 788-3] at 1.) He then noted "the government agreed to abide by the plea agreement of a level 35, category IV range of 262–327, a situation not considered in the USSG provisions."[1] (*Id.* at 2.) He additionally stated that he was imposing a sentence outside the advisory guideline system "on the ground that the guideline used was specified in the plea agreement and the category history VI was invoked after the plea agreement was reached." (*Id.* at 3.)

The parties now agree that Mr. Soto-Solivan's total offense level under the Sentencing Guidelines was 35. However, Mr. Soto-Solivan contends that his CHC was IV, while the Government argues it was VI. The parties also dispute the effect of Amendment 782 on Mr. Soto-Solivan's offense level. Mr. Soto-Solivan maintains that his offense level is decreased to 33 while the Government claims it is decreased only to 34.

---

[1] In fact, level 35 and category IV yield a range of 235–293 months. However, level 34 and category VI, the levels contemplated by the plea agreement yield a range of 262–327 months.

For the following reasons, the Government is correct on both points. First, putting aside whatever confusion may have arisen at sentencing, the plea agreement which Mr. Soto-Solivan signed clearly contemplated a CHC VI, not IV, given Mr. Soto-Solivan's status as a career offender and the commentary to U.S.S.G. § 1B1.1, which specifies that the guideline range to which an Amendment should be applied is the range "that corresponds to the offense level and criminal history category determined . . . before consideration of any departure provision in the Guideline Manual or any variance." Note 1(A).

Second, although Amendment 782 calls for a two-level reduction, reducing Mr. Soto-Solivan's level to 34 would trigger the career offender provisions of § 4B1.1. Under that section, "if the offense level for a career offender from the [§ 4B1.1 table] is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." When Mr. Soto-Solivan was originally sentenced, he was sentenced pursuant to § 2D1.1 because his offense level under that table (38) was greater than his offense level under § 4B1.1 (37). *See* § 4B1.1(b). Now, however, reducing his offense level by two levels makes his offense level under § 4B1.1 (37) higher than the reduced level under § 2D1.1 (36), and the § 4B1.1 level would thus apply. Reducing that number by three levels for acceptance of responsibility yields a reduced level of 34.

Applying level 34 and a CHC of VI yields a guideline sentencing range of 262 to 327 months. Because the Court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range," U.S.S.G. § 1B1.10(b)(2)(A), and Mr. Soto-Solivan was sentenced at the

4

bottom of this range, he is not now eligible for a reduction in his sentence under § 3582.

His Motion [Doc. # 716] for Reduction in Sentence is therefore DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of December, 2015.